Tommy Michael Stavis, )
Plaintiff, )
)
vs. ) C/A 2:09-2272-DCN-RSC
)
Robert Reynolds, Detective; ) **REPORT AND RECOMMENDATION**
Jeffrey Richardson, Police Officer;)
Sgt Regain; )
Dominick West, Detective; )
Jason Corbett, State Prosecution; )
State of South Carolina, and )
Sumter County Police Department, )
Defendants )

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a detainee[2] proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] Plaintiff is currently confined at the Sumter-Lee Regional Detention Center on charges unrelated to this case.

1

On August 27, 2009, the plaintiff, Tommy Michael Stavis, brought this civil rights action and named Robert Reynolds, Detective; Jeffrey Richardson, Police Officer; Sgt. Regain; Dominick West, Detective; Solicitor Jason Corbet; The State of South Carolina; and Sumpter County Police Department as defendants. On October 15, 2009, the Honorable David N. Norton dismissed the State, the Sumpter County Police Department, and Jason Corbett from the action.

Plaintiff asserted that he was tried on burglary and armed charges in April 2009 and that he was acquitted on both charges. He claims that he was subjected to malicious prosecution and that his Fourth Amendment rights against unreasonable seizures were violated in connection with the unsuccessful prosecution of the aforementioned charges. He seeks compensatory damages from the defendants.

On January 12, 2010, the defendants filed a motion for summary judgment with various affidavits. The plaintiff was provided a copy of the motion and on January 13, 2010, was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff opposed the motion on February 16, 2010, and the defendants filed a reply on February 25, 2010. Hence, it appears consideration of the

motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. <u>Id.</u>, 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); <u>see also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. <u>Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." <u>Felty v.

Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## FACTS

The facts either undisputed or according to the plaintiff's verified complaint[3] as the non-moving party, to the extent supported by the record, and all reasonable inferences therefrom are as follow.

The state was unsuccessful in prosecuting the plaintiff in two (2) criminal cases. The first case brought against the plaintiff concerned a burglary which occurred in October 2006. The plaintiff became a suspect when witnesses identified him the burglary. See Affidavit of Dominick West ¶ 6-7. Defendant Investigator West conducted an investigation during which Gregory Bolden implicated himself and the plaintiff in this burglary. Id. ¶ 9. Investigator West presented the results of his investigation to the magistrate, and obtained an arrest warrant

for the plaintiff for burglary. See Affidavit of Dominick West ¶ 10. The Solicitor's office then took on the prosecution and determined there was enough evidence to proceed to trial. See Affidavit of Jason Corbett ¶ 7-9. The prosecuting Solicitor believed there was probable cause for the arrest. Id.

In the second case, Defendant Officer Jeffery Richardson responded to an armed robbery call at the Time Off Lounge in Sumter on November 25, 2006, with his canine, Alpha. A witness, Gloria Richards, told Richardson that the robbers had fled on foot. Alpha picked up a scent and started tracking. See Affidavit of Jeffery Richardson ¶ 4-5. Defendant Deputy Ragin also responded to the call and followed Richardson and Alpha. Alpha followed the scent into the Ideal Mobile Home Park, which is approximately a half mile from the area where the robbery occurred, and Alpha alerted on the plaintiff. The plaintiff matched the description Richardson had been given. Affidavit of Jeffery Richardson ¶ 6-10. Alpha also found money under the trailer near where the plaintiff was walking and money had been taken in the robbery. Id. ¶ 11; Affidavit of Rodney Ragin ¶ 9.

Defendant Investigator Reynolds was called to bring the victim to the scene, which he did. She positively identified the plaintiff as the individual who had robbed her. Id. ¶ 13; Affidavit of Rodney Ragin ¶ 11; Affidavit of Robert Reynolds ¶ 11. Investigator Reynolds then provided all this information to

the magistrate who issued an arrest warrant for the plaintiff. He also provided his investigative file to the Solicitor's office for prosecution. Id. ¶ 13. The matter was presented to the Grand Jury and on February 22, 2007, an indictment was returned against the Plaintiff for armed robbery. Id. The Solicitor's office again believed there was probable cause and determined there was enough evidence to proceed to trial. See Affidavit of Jason Corbett ¶ 12-16.

The juries acquitted the plaintiff in both trials.

### DISCUSSION

A review of the record and relevant case law reveals that the defendants' summary judgment motion should be granted. The defendants assert that summary judgment is proper because probable cause existed for the plaintiff's arrest. It appears that they are correct.

Under the Fourth Amendment, an arrest is reasonable only if based upon probable cause. Rogers v. Pendleton, 249 F.3d 279, 290 (2001). "Probable cause is 'defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the [suspect] had committed an offense.'" Id. To determine whether or not probable cause existed, we must examine the "totality of the circumstances" known to the officers at the time of arrest. United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir. 1995). The determination and existence of probable cause is a

6

"practical, nontechnical conception," and it involves "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302 (1949). Probable cause will be found when "the facts and circumstances within an officer's knowledge-or of which he possesses reasonably trustworthy information-are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed." Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000). "Whether probable cause exists in a particular situation ... always turns on two factors in combination: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." Rogers, 249 F.3d at 290. "Probable cause therefore could be lacking in a given case, and an arrestee's right violated, either because of an arresting officer's insufficient factual knowledge, or legal misunderstanding, or both." Id. Probable cause demands more than a mere suspicion, but less than evidence sufficient to convict. Taylor v. Waters, 81 F.3d 429, 433 (4th Cir. 1996). A court's inquiry should be made based on the information possessed by the officer at the time of the arrest, that was then reasonably available to him at the time of arrest, and in light of any exigencies of time and circumstance that reasonably may have affected the officer's perceptions. Pritchett v. Alford, 973

F.2d 307, 312 (4th Cir. 1992).

In <u>Devenpeck v. Alford</u>, 543 U.S. 146, 125 S.Ct. 588 (2004), the Court explained that "the subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." <u>Id.</u> at 153. The Court, in fact, held that the offense establishing probable cause to arrest need not even be "closely related to" the offense on which the criminal defendant was charged. <u>Id.</u> at 153-54.

Accordingly, in a false arrest case, courts should "focus on the validity of the arrest, and not on the validity of each charge." <u>Jaegly v. Couch</u>, 439 F.3d 149, 153 (2d Cir. 2006). "A claim for false arrest turns only on whether probable cause existed to arrest a defendant, and ... it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." <u>Id.</u>

Lastly, the fact that the plaintiff was not convicted does not mean that the defendants did not have probable cause to arrest him. Not everyone who is arrested but not convicted has a cause of action for violation of § 1983. The Constitution does not guarantee that only the guilty will be arrested. <u>Baker v. McCollan</u>, 443 U.S. 137, 145, 99 S.Ct. 2689 (1979).

Here, there is probable cause for the arrests of the plaintiff. In the first case, witnesses identified the plaintiff

as the burglar. Gregory Bolden implicated himself and the plaintiff in this burglary. This evidence provided probable cause to believe the plaintiff had committed the burglary. In the second case, the deputy's canine picked up Plaintiff's scent at the scene of the crime and tracked it to a mobile home close to the robbery scene and alerted on the plaintiff who matched the witness's description of the robber. The police dog also found money under the trailer near the plaintiff. The witness positively identified the plaintiff as the robber. In short, these defendants had "enough evidence to warrant the belief" that the plaintiff had committed the offenses with which he was charged. Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1133, 1138 (4th Cir. 1982).

Additionally, probable cause was established when these defendants obtained arrest warrants issued by a neutral, detached magistrate. See, e.g. Gerstein v. Pugh, 420 U.S. 103, 113-114 (1975) (a warrant is a judicial determination of probable cause); Baker v. McCollan, 443 U.S. 137 (1979)(the issuance of a facially valid warrant by a magistrate satisfies the probable cause standard).

Further, the armed robbery charge was true billed by a grand jury, which is an independent determination that probable cause existed. Gerstein v. Pugh, 420 U.S. 103, 103 n. 19 (1975). As a result, any claim for unlawful arrest or unreasonable seizure of

the plaintiff should fail.

Lastly, as an additional and alternative ground for judgment it appears based upon the undisputed facts, that the defendants are entitled to qualified immunity as outlined in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982) and its progeny.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants be granted summary judgment and this matter ended.

Respectfully Submitted,

*Robert S. Carr* (signature)

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
March 4, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).